UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
DOCKET NO. 5:14-cv-00176-MOC

| | |
|---|---|
| **BRANDON HOLLAND** ) | |
| **LINDSAY H. MAHAN,** ) | |
| ) | |
| Plaintiffs, ) | |
| ) | MEMORANDUM OF DECISION |
| ) | AND |
| Vs. ) | ORDER OF DISMISSAL |
| ) | |
| **WELLS FARGO HOME MORTGAGE** ) | |
| **AMERICAN SECURITY MORTGAGE** ) | |
| **CORPORATION** ) | |
| **MORTGAGE ELECTRONIC REGISTRATION** ) | |
| **SYSTEMS, INC.** ) | |
| **FEDERAL NATIONAL MORTGAGE** ) | |
| **ASSOCIATION** ) | |
| **DOES 1 THROUGH 100, INCLUSIVE** ) | |
| **FANNIE MAE,** ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the court on defendants Fannie Mae's, Federal National Mortgage Association's, Mortgage Electronic Registration Systems, Inc.'s, and Wells Fargo Home Mortgage's Motion to Dismiss for Failure to State a Claim (#19) and defendant American Security Mortgage Corporation's Motion to Dismiss for Failure to State a Claim (#22). After initial review of those motions, the court entered Orders advising the *pro se* plaintiffs of their opportunity to file a response. Thereafter, plaintiffs timely filed responses and no Replies have been filed. It appearing that such motions are ripe for disposition, the court enters the following findings, conclusions, and Order dismissing this action in its entirety.

-1-

I.

As in a number of similar cases filed by other *pro se* litigants in this district and in other districts within the Fourth Circuit,[1] plaintiffs have used a form Complaint to sue lenders, mortgage loan consolidators, and mortgage loan servicers in what appears to be a general indictment of the lending industry rather than a claim that these plaintiffs were unlawfully harmed by any of these defendants in any manner. The implausibility of these plaintiffs' claims and the misuse of a form Complaint are readily apparent as plaintiffs: make claims seeking to stop foreclosure, where no foreclosure occurred; rescission of a loan, that has been paid off; and claim slander of the title to property in which they hold no interest, among other claims.

Indeed, plaintiffs sold the property to a third party and paid off the underlying loan well before this action was filed, which has wasted not only the defendants' and the public's resources, but has wasted plaintiffs own money as they paid a substantial filing fee. While the court will consider each of the plaintiffs' claims under rubric of Rule 12(b)(6), it is readily apparent from the pleadings that plaintiffs' action would have been deemed patently frivolous had such Complaint been subject to review under 28 U.S.C. § 1915(e)(2) review. While public outrage at the abuses of the lending industry which lead to the financial meltdown in 2009 are understandable, such abuses are not a license for litigants to abuse the process of this court. Federal civil actions are serious matters, not to be undertaken lightly, and will seldom be successful where the complaint is downloaded off the internet. Despite what potential litigants may read in a blog or hear at a meeting, the mess created by the subprime lending industry in originating loans destined to fail does give everyone with a mortgage license to simply stop

---

1  *See Steele v. Capital One Home Loans, LLC*, 2014 WL 3748928 (W.D.N.C. July 30, 2014); *Simmons v, Bank of America, N.A.*, 2014 WL 509386, at *2 (D.Md. Feb., 6, 2014).

paying their home loans. While it is certainly possible that some homeowners will have actionable claims, the shotgun approach utilized here is not only ineffective, it compounds the problem as it makes it more difficult for with actual claims from having their day in court.

II.

In their Complaint - - which appears to be a form customized to add the particulars of plaintiffs' loan[2] - - plaintiffs contend, among manner other claims, that the defendants did not comply with the terms of a Pooling and Servicing Agreement ("PSA"), do not have the right to foreclose plaintiffs' home located in this district, slandered their title, and have caused plaintiffs a variety of damages. Plaintiffs have also claimed that the loan products they were sold were provided without analysis of whether they had the ability to repay the loan and that some of the defendants engaged in fraud because they failed to disclose that the loans would be secured by way of a Deed of Trust. While plaintiffs have filed claims for wrongful foreclosure, quiet title, and declaratory relief, it appears that plaintiffs sold their home and paid off their loan(s) well before this action was even commenced. Defendants have moved to dismiss contending that plaintiffs have failed to state a cause of action.

III.

In determining whether a claim can survive a motion under Rule 12(b)(6), the Supreme Court held in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) that the "no set of facts" standard only describes the "breadth of opportunity to prove what an adequate complaint claims, not the minimum adequate pleading to govern a complaint's survival." Id. at 563. In so holding, the Court specifically rejected use of the "no set of facts" standard because such standard would improperly allow a "wholly conclusory statement of claim" to "survive a motion to dismiss

---

2   *Compare* Complaint herein with Complaint (#1) in *Steele* , *supra*.

-3-

whenever the pleadings left open the possibility that a plaintiff might later establish some 'set of [undisclosed] facts' to support recovery." Id. at 561 (alteration in original). Post Twombly, to survive a Rule 12(b)(6) motion to dismiss, a claimant must allege facts in his complaint that "raise a right to relief above the speculative level." Id., at 555.

> [A] plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . .

Id. (second alteration in original; citation omitted). Further, a complaint will not survive Rule 12(b)(6) review where it contains "naked assertion[s] devoid of further factual enhancement." Id., at 557. Instead, a claimant must plead sufficient facts to state a claim for relief that is "*plausible* on its face." Id. at 570 (emphasis added).

Post-Twombly, the Court revisited the Rule 12(b)(6) pleading standard in Ashcroft v. Iqbal, 556 U.S. 662 (2009). In Iqbal, the Court determined that Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Id. at 678. The Court explained that, "to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is *plausible* on its face.'" Id. (citing Twombly, supra; emphasis added). What is plausible is defined by the Court:

> [a] claim has facial plausibility when the plaintiff pleads sufficient factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

Id. This "plausibility standard" requires "more than a sheer possibility that a defendant has acted unlawfully." Id. Thus, a complaint falls short of the plausibility standard where a plaintiff pleads "facts that are 'merely consistent with' a defendant's liability ...." Id. While the court accepts plausible factual allegations made in a claim as true and considers those facts in the light most

favorable to plaintiff in ruling on a motion to dismiss, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Eastern Shore Mkt.'s Inc. v. J.D. Assoc.'s, LLP, 213 F. 3d 175, 180 (4th Cir. 2000).

In sum, when ruling on a Rule 12(b)(6) motion, "a judge must accept as true all of the factual allegations contained in the complaint." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*) (citations omitted). A complaint "need only give the defendant fair notice of what the claim is and the grounds upon which it rests." Id. at 93 (alteration and internal quotation marks omitted). However, to survive a motion to dismiss, the complaint must "state[ ] a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct" based upon "its judicial experience and common sense." Iqbal, 129 S. Ct. at 1950. While a complainant is not required to plead facts that constitute a *prima facie* case in order to survive a motion to dismiss, see Swierkiewicz v. Sorema N.A., 534 U.S. 506, 510-15 (2002), "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. at 555.

IV.

The court has construed the facts alleged by plaintiffs in their Complaint in a light most favorable to them. On July 30, 2012, plaintiffs obtained a mortgage loan from defendant American Security Mortgage, which was secured by a promissory Note in the amount of $294,500.00, Complaint, ¶ 29, and a Deed of Trust (the "Deed of Trust"), which encumbered their residence in Denver, North Carolina. Pursuant to the Deed of Trust, plaintiffs claim that they granted MERS, as grantee and nominee for American Security and its successors and assigns, title to the property, with the power of sale. Id. at ¶¶ 7, 29. Plaintiffs allege that the Note

was then transferred to Fannie Mae as Trustee for REMIC Trust 2012-83 along with loans of others, totaling nearly a billion dollars. Id. at ¶ 30. In conjunction with the transfer, plaintiffs claim that American Security entered into the Pooling and Servicing Agreement ("PSA") pursuant to which plaintiffs' loan was to be securitized by means of assigning the loan documents in a specified set of transactions. Id. at ¶¶ 21, 30-32. In this securitization process, American Security was the mortgage originator, Fannie Mae was Trustee for the REMIC Trust that held title to the plaintiffs' loan documents, Wells Fargo acted as the servicer for Plaintiffs' loan, and MERS acted as an electronic database that tracked the assignment of the loan documents. Id. at ¶¶ 2-7, 24. Prior to any foreclosure, plaintiffs sold the property to a third party on September 11, 2014. Motion to Dismiss (#19), Ex. C (#19-3). As the plaintiffs paid off the underlying obligation at the time of transfer, the Deed of Trust was cancelled by a Satisfaction of Security Instrument. Id. at Ex. D (#19-4). [3]

V.

**A. Claims Based on Alleged Foreclosure**

As there is no *plausible* factual contention that a foreclosure ever occurred, all of plaintiffs' claims based upon such supposed foreclosure fail.

Under North Carolina law, a claim for wrongful foreclosure accrues when the lender conveys the real property to a third party. Steele, 2014 WL at *3. As there is no allegation in the Complaint that the lender conveyed plaintiffs' property to anyone, and no such claim is plausible as it appears that plaintiffs conveyed the property to a third party, no such allegation is plausible. All of plaintiffs' wrongful foreclose claims, and all claims having as an element foreclosure

---

3    The court has considered these materials, which are outside of the Complaint, as public records and because they bear on issues raised in the Complaint. *American Chiropractic Ass'n., Inc. v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004)

(including claims for Lack of Standing/Wrongful Foreclosure, and so called Note Splitting), are dismissed for failure to state a claim as to any defendant.

### B. **Fraudulent Concealment, Fraudulent Omission, and Fraudulent Inducement**

When pleading fraud, the notice pleading requirements are inapplicable and special rules of pleading come into play. Rule 9(b), Federal Rules of Civil Procedure, provides:

> In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition[s] of mind of a person may be averred generally.

Fed.R.Civ.P. 9(b). The specificity required in claiming fraud is an exception to the provisions of notice pleading found in Rules 8(a),(e), and (f). See also N.C.Gen.Stat. Chapter 1A-1, Rule 8. The general rule that pleadings are to be given liberal construction does not apply to claims of fraud. Rosenthal v. Perkins, 42 N.C. App. 449 (1979).

A plaintiff must be particular as to the facts upon which its claim of fraud arises. Hoyle v. Bagby, 253 N.C. 778 (1961). An allegation which merely states that the acts specified constituted fraud is conclusory. Patuxent Development Co. v. Bearden, 227 N.C. 124 (1947). Conclusory allegations of fraud are insufficient to meet the requirement of particularity. Smith v. Central Soya of Athens, Inc., 604 F. Supp. 518 (E.D.N.C. 1985). The issue becomes whether proof of the facts as alleged in the Complaint would entitle the plaintiffs to relief. Brooks Equipment & Mfg. Co. v. Taylor, 230 N.C. 680 (1949).

In particular, plaintiffs do not allege the time or place of the concealment or omission, or specifically allege which party concealed the fact that their loan would be securitized. Indeed, plaintiffs have failed to plead any aspect of their fraud claims with particularity. Plaintiffs'

fraud claims against all defendants will be dismissed under Rule 12(b)(6) for lack of specificity as required by Rule 9(b).

### C. Intentional Infliction of Emotional Distress

Defendants have also moved to dismiss plaintiffs' claims for intentional infliction of emotional distress ("IIED"). The elements of that tort are "(1) extreme and outrageous conduct, (2) which is intended to cause and does cause (3) severe emotional distress." Hogan v. Forsyth Country Club, 79 N.C. App. 483, 488, *disc. rev. denied,* 317 N.C. 334 (1986). "It is a question of law for the court to determine, from the materials before it, whether the conduct complained of may reasonably be found to be sufficiently outrageous as to permit recovery." Id. at 490.

Plaintiffs base their IIED claim on the conclusion that "Defendants intentionally, knowingly, and recklessly represented to the Plaintiff [*sic*] those Defendants were entitled to exercise the power of sale provision contained in the Mortgage/Deed of Trust." Complaint at ¶ 95. A person who threatens to do that which he or she may lawfully do cannot be held to have intentionally inflicted emotional distress. United States v. Twenty Miljam-350 IED Jammers, 669 F.3d 78 (2d Cir. 2011); Radford v. Keith, 160 N.C.App. 41 (2003). Plaintiffs have, therefore, failed to state any cognizable IIED claim against any defendant.

### D. Slander of Title

To state a claim for Slander of Title, plaintiffs must allege that an individual maliciously and in bad faith made false statements about the title to plaintiffs' property, causing special damages. Joy v. MERSCORP, Inc., 935 F. Supp. 2d 848, 867 (W.D.N.C. 2013). Plaintiffs' allegations underlying their slander of title claims rest are legal conclusions which, as discussed above, are in and of themselves without any legal or factual basis. Further, plaintiffs lack any

title to slander as they have sold the property. Thus, the allegations on which plaintiffs' slander of title claim rest are facially implausible.

### E. Quiet Title

In North Carolina, an individual can bring a quiet title action against one who claims an adverse interest in real property, but an aggrieved party must allege that: (1) the plaintiff owns the land in question or has some estate or interest in the land; and (2) the defendant asserts a claim to the land that is adverse to a plaintiff's title, estate, or interest. See N.C.Gen.Stat. § 41-10; Ronald-Francis v. Ocwen Loan Servicing, LLC, 2014 WL 202583 at *3 (W.D.N.C. Jan. 16, 2014). As plaintiffs sold the real property before bringing the quiet title action, they have failed to state a cause of action because they have absolutely no remaining interest to protect. This claim will be dismissed.

### F. Declaratory Relief

Plaintiffs also seek the remedy of declaratory relief, asking that the court declare that defendants had no right, title, or interest in the property under the Deed of Trust. As a remedy is not a cause of action, plaintiffs do not state a claim. In any event, this claim does not survive Rule 12(b)(6) review because plaintiffs lack any interest in the property, making declaratory relief a nullity. Further, the legal conclusions upon which claim is made are premised on implausible allegations of fact, as discussed above. Put another way, the entire premise of plaintiffs Complaint is flawed as a Deed of Trust, by its very nature, conveys to the grantee or its assigns an interest in real property which may ultimately lead to foreclosure against the grantor of that deed. A Deed of Trust is an enforceable contract, McIver v. Smith, 118 N.C. 73, 75 (1896), and is enforceable against the grantor even before it is recorded. N.C.Gen.Stat. § 47-20.

By signing the Deed of Trust, the grantor conveys or pledges its interest in the real property, contingent on timely repayment of the debt such instrument ultimately secures. In re Manning, 747 S.E.2d 286, 291 (N.C.App. 2013). This claim is dismissed.

### G. Federal Claims

#### 1. TILA and HOEPA

Plaintiffs also assert claims under the federal Truth in Lending Act ("TILA"). TILA assures consumers of

> a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing and credit card practices.

Premier Fed. Credit Union v. Douglas, 121 N.C.App. 341, 343 (1996). Under TILA, certain loan disclosure criteria is applicable, including: the amount financed, itemization of the amount financed, the total number of payments, finance charges, the annual percentage rate, and the identity of the creditor. Comer v. Pers. Auto Sales, Inc., 368 F. Supp. 2d 478, 484 (M.D.N.C. 2005). Under HOEPA, which is a part of TILA, a creditor is required to make certain disclosures to borrowers of high cost or high rate loans. 15 U.S.C. § 1639; Kataviravong V. Mirabella Mortg., LLC, 2012 WL 2045957 *2 (D.Minn. June 6, 2012). To bring an action under either TILA or HOEPA, plaintiffs are required to specify the exact disclosures that their lenders were required to provide, but which they failed to provide. Fisher v. Chase Home Finance, LLC, 2011 WL 2268474 *3 (E.D. Va. June 7, 2011). The Complaint here fails to detail what disclosures any lender failed to make or that the loan they took out was a high-interest loan; thus, plaintiffs fail to state a cause of action under either TILA or HOEPA.

2. **RESPA**

The Real Estate Settlement Procedures Act ("RESPA") prohibits persons from giving and accepting kickbacks or referral fees incident to or as part of a real estate settlement service, including the origination of a federally related mortgage loan. 12 U.S.C. § 2607. Borrowers injured by an improper kickback agreement have a right to sue and recover treble the amount paid for any improper settlement services. Id. at § 2607(d)(2).

While plaintiffs generally allege that "payments between the Defendants" were made, Complaint at ¶142, plaintiffs must plead how they have been subjected to settlement services that were tainted by kickbacks. Bergman v. Fidelity Nat'l Financial, Inc., 2012 WL 4364327 *3 (C.D. Cal. Sept. 24, 2012). Because RESPA only prohibits unlawful transactions, plaintiffs' burden is to allege not just that payments were made, but what those payments were and why those payments were unlawful under RESPA. Plaintiffs fail to plead facts that would support a RESPA claim and, in any event, their RESPA claim is time barred. Zanmeski v. Keystone Title Associates, Inc., 884 F.2d 1391 (4th Cir. March 6, 1989); Ray v. HSBC Bank, NA., 2010 WL 3528554, at * 1, n.3 (W.D.N.C, Sept. 3, 2010). This claim will also be dismissed.

**H. Rescission Claim**

Plaintiffs have also made a claim for "rescission" of the loan agreement. As rescission is a remedy and not a cause of action, such claim is dismissed for failure to state a cause of action. In any event, with plaintiffs' loan having been paid off, there is no contract to rescind. 15 U.S.C. § 1635(f) ("An obligor's right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first ...."). Thus, this claim is also dismissed because "all facts necessary to the affirmative defense [of the

bar of the statute of limitations] clearly appear on the face of the complaint." Steele, 2014 WL 3748928 at * 2.

## ORDER

**IT IS, THEREFORE, ORDERED** that defendants Fannie Mae's, Federal National Mortgage Association's, Mortgage Electronic Registration Systems, Inc.'s, and Wells Fargo Home Mortgage's Motion to Dismiss for Failure to State a Claim (#19) and defendant American Security Mortgage Corporation's Motion to Dismiss for Failure to State a Claim (#22) are **GRANTED**, and this action is **DISMISSED WITH PREJUDICE** in its entirety.

The Clerk of Court is instructed to enter Judgment consistent with this Order.

Signed: February 6, 2015

Max O. Cogburn Jr.
United States District Judge